IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LINDA D. COOPER-IGWEBUIKE                                                                    PLAINTIFF

v.                                       Case No. 2:10-CV-02182

UNITED STATES OF AMERICA                                                                     DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Currently before the Court are Defendant United States of America's ("United States") Motion for Summary Judgment (Doc. 12), Statement of Facts (Doc. 13), and Brief in Support (Doc. 14). Plaintiff Linda D. Cooper-Igwebuike ("Cooper-Igwebuike") did not respond to the Motion. For the reasons stated herein, Defendant United States' Motion for Summary Judgment (Doc. 12) is **GRANTED**.

**I. Background and Procedural History**

Cooper-Igwebuike filed a *pro se* Complaint on November 29, 2010 (Doc. 1), alleging that she was owed a tax refund for 2002 and 2003 for earned income credit totaling $5,053. Both Cooper-Igwebuike and the United States have stipulated as to the following facts (Doc. 13-1):

1.  Cooper-Igwebuike did not file her 2002 federal income tax return before March 12, 2008;

2.  Cooper-Igwebuike did not file her 2003 federal income tax return before March 12, 2008; and

3.  Cooper-Igwebuike was living in the United States during the entire period between January 1, 2003 and March 12, 2008.

After Cooper-Igwebuike petitioned the Internal Revenue Service ("IRS") for this refund for tax years 2002 and 2003, her claim was disallowed via letter dated December 1, 2008, "due to the

late filing of [her] returns." (Doc. 1-1). She filed the instant lawsuit in order to contest the IRS's decision.

## II. Standard of Review

### A. Summary Judgment

In determining whether summary judgment is appropriate, the burden is placed on the moving party to establish both the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986); *Nat'l. Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999). The Court must review the facts in a light most favorable to the party opposing a motion for summary judgment and give that party the benefit of any inferences that logically can be drawn from those facts. *Canada v. Union Elec. Co.,* 135 F.3d 1211, 1212-13 (8th Cir. 1998) (citing *Buller v. Buechler,* 706 F.2d 844, 846 (8th Cir. 1983)). When the moving party has carried its burden under Rule 56(c), the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(c)). In order for there to be a genuine issue of material fact, the non-moving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

### B. Internal Revenue Code

The earned income credit is considered an "overpayment" by the taxpayer. *Sorensen v. Sec'y of the Treasury*, 475 U.S. 851, 859-63 (1986). When a taxpayer does not file taxes for a given year and later files a tax return or claim for that year for an "overpayment" or credit, the date on which

the taxpayer is constructively deemed to have paid the tax (or earned a credit) is April 15 of the year following the tax year for which the refund is requested. *McKinzy v. I.R.S.*, 335 Fed. Appx. 660, 661-62 (8th Cir. 2009). A taxpayer is limited, however, in the amount of credit or refund that he or she may receive. Specifically, the credit or refund is limited to "the portion of tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return." I.R.C. § 6511 (b) (2) (A). Except for taxpayers who live abroad, any extension of time for filing a return is limited to six months. I.R.C. § 6081 (a).

### III. Discussion

It is undisputed that Cooper-Igwebuike did not file tax returns in either 2002 or 2003. (Doc. 13-1, ¶¶ 1-2). She agrees that March 12, 2008 is the earliest date on which she filed a claim for a refund of earned income credit for tax years 2002 and 2003. *Id.* Her claim is barred, however, because the Internal Revenue Code prohibits a taxpayer from recovering a refund for any tax paid or credit earned more than three years before filing a claim. *See* I.R.C. § 6511 (b) (2) (A). For the purpose of calculating the statute of limitations period on a claim for a tax credit or refund, according to the tax code at I.R.C. § 6513 (b) (1), any tax deducted or withheld within a given calendar year is deemed paid on the 15th day of the fourth month following the close of the tax year in which the tax is allowable as a credit. In plain English, this means that Cooper-Igwebuike's claim for a tax credit for the year 2002 was deemed "paid" on April 15, 2003, and her claim for a tax credit for the year 2003 was deemed "paid" on April 15, 2004. A similar situation occurred in the case of *McKinzy v. I.R.S.*, 335 Fed. Appx. at 661-62, where the Eighth Circuit determined that the plaintiff was deemed to have "paid" his taxes and therefore constructively earned the child tax credit he was seeking as a refund, on April 15 of the year following the tax year in question.

Turning to the case at bar, if Cooper-Igwebuike were entitled to an earned income credit for 2002 and for 2003, such credit would be limited to the period "immediately preceding the filing of the claim equal to 3 years plus the period of any extension of time for filing the return." I.R.C. § 6511 (b) (2) (A). As she constructively filed her claim for both 2002 and 2003 on March 12, 2008, she is limited in her recovery to credit earned for the three years prior to March 12, 2008. In other words, she would be entitled to any valid tax credits earned between March 12, 2005 and March 12, 2008. Because she lived in the United States during the entire period of time during which she could have filed a return for 2002 or 2003, she could not have received more than a six-month extension of time to file. I.R.C. § 6081 (a). So giving her the benefit of the doubt and assuming that she would have been entitled to a six-month extension of time for filing, the law would only allow her to recover tax credits for the period of time between September 12, 2004 and March 12, 2008.

As explained above, pursuant to I.R.C. § 6513 (b) (1), Cooper-Igwebuike is deemed to have constructively paid taxes or earned credits for the tax years 2002 and 2003 on April 15, 2003 and April 15, 2004, respectively. Therefore, her claim falls outside the allowable window of September 12, 2004 to March 12, 2008, and is accordingly unrecoverable.

**IV. Conclusion**

For the foregoing reasons, **IT IS HEREBY ORDERED** Defendant United States' Motion for Summary Judgment (Doc. 12) is **GRANTED**. This case is hereby dismissed with prejudice. An order of judgment shall be filed contemporaneously herewith, with all parties instructed to bear their own fees and costs.

IT IS SO ORDERED this 17th day of January, 2012.

/s/ P. K. Holmes, III
P.K. HOLMES, III
UNITED STATES DISTRICT JUDGE